IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-CV-00179-RMR-MDB

PHILIP G. PETERSON, in his capacity as
Successor Advisor to the
Peterson Family Stewardship Fund,

    *Plaintiff*,

v.

The CHRISTIAN COMMUNITY FOUNDATION, INC.
d/b/a WaterStone, a Texas nonprofit corporation,

    *Defendant*.

---

**THE CHRISTIAN COMMUNITY FOUNDATION, INC.'S UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS FOR ITS FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

---

Defendant The Christian Community Foundation, Inc. d/b/a WaterStone ("WaterStone"), moves for leave to exceed the page limitations for its forthcoming Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss.

**Civ. Practice Standard 7.1B Certificate of Conferral**: Undersigned counsel certify that they conferred with counsel for Plaintiff regarding this Motion. Plaintiff does not oppose this Motion or the requested relief on the condition that WaterStone not oppose any similar page limit request by Plaintiff for his response. WaterStone will not oppose any similar request by Plaintiff.

## MOTION

1.    This Court's Civil Practice Standards and the Uniform Civil Practice Standards provide that all Rule 12(b) motions shall not exceed fifteen pages total, excluding the cover page, table of contents, signature block, or certificate of service.

RMR Civ. Practice Standard § III.A.1; Uniform Civil Practice Standard § 10.1(c)(1). The Uniform Civil Practice Standards do authorize the Court to entertain a motion for extensions of page limitations "where appropriate and for good cause." *Id.* § 10.1(c)(5).

2. Through this Motion, WaterStone seeks leave to file its Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motion to dismiss totaling <u>30 pages</u> in length, which is 15 pages in excess of the 15-page presumptive limitation. "Good cause" exists for this request for three main reasons.

3. *First,* this case involves a donor-advised fund ("DAF"), which is a charitable giving vehicle regulated by the United States tax code. To form a DAF, a donor makes an irrevocable contribution to a sponsoring organization, which the sponsor holds in a separately identifiable fund, and which the donor (or appointed advisor) has, or reasonably expects to have, certain advisory privileges. *See* 26 U.S.C. § 4966(d)(2). Because DAFs are not commonplace and the law relating to them is limited, WaterStone's motion to dismiss must provide certain foundational information to explain what a DAF is and how it functions.

4. *Second,* "good cause" exists because the motion to dismiss is on two bases: (1) lack of Article III standing under Rule 12(b)(1); and (2) failure to state a claim and incurable pleading deficiencies in Plaintiff's seven separate claims for relief under Rule 12(b)(6). WaterStone's forthcoming motion addresses the fundamental question of whether Plaintiff, an individual purporting to act as an alleged "advisor"

1

to a donor-advised fund, has Article III standing to assert the claims he has pleaded. *See Glover River Org. v. U.S. Dep't of Interior*, 675 F.2d 251, 253 (10th Cir. 1982) ("A court cannot reach the merits of a case unless it first satisfies itself that the plaintiff is a proper party to bring the suit and that the issues raised are justiciable.") The Complaint further complicates the standing inquiry by alleging injuries on behalf of multiple actors, including Plaintiff, the DAF itself, his late father, and unspecified others. As a result, WaterStone's Rule 12(b)(1) motion must address several distinct theories of standing and justiciability before turning to any Rule 12(b)(6) issues. Beyond standing, Plaintiff asserts seven claims spanning contract, tort, equitable, and statutory consumer-protection theories. These claims arise under different legal frameworks, rely on varied factual allegations, and require application of different pleading and jurisdictional standards. Several invoke threshold inquiries or heightened pleading requirements. Others seek multiple forms of relief that must be analyzed separately. Given the breadth of issues presented on the face of the Complaint, WaterStone must address each claim in an organized and complete manner consistent with the Federal Rules and this Court's Uniform Civil Practice Standards.

5. *Third*, Plaintiff's Complaint asserts a litany of serious (and disputed and unfounded) allegations that have, among other things, garnered extensive media coverage. The nature of such improper allegations against WaterStone require a comprehensive response. Those allegations have already been reported in the media

2

and recycled through social media[1] based solely on the narrative as alleged by Plaintiff.  In addition, Plaintiff's public statements made to various publications have contributed to heightened media attention on this matter.[2]  This publicity risks significant reputational damage to WaterStone beyond the filing of the Complaint itself.  Given the extent of media and public interest, it is important that WaterStone be able to address Plaintiff's claims and allegations thoroughly in its response.  If page limitations prevent WaterStone from responding to certain allegations, members of the public or media may incorrectly interpret the absence of a response

---

[1] *See, e.g.,* Markets & Money Today, *Family Dispute Highlights Risks in Donor-Advised Funds* (Amazon Music podcast Feb. 26, 2026);
CNBC, *Lawsuit over $21 Million Donor-Advised Fund Highlights Risks of DAF Giving*, LinkedIn (Feb. 25, 2026), https://www.linkedin.com/posts/cnbc_lawsuit-over-21-million-donor-advised-fund-activity-7432770186165874688-1Tti/;
@LeimbergServices, Instagram (Feb. 20, 2026), https://www.instagram.com/p/DU_ZyB6lI_D/;
Leimberg Information Services, *A $21 Million Donor-Advised Fund Is at the Center of a Potentially Groundbreaking Lawsuit*, Facebook (Feb. 19, 2026), https://www.facebook.com/leimbergservices/posts/a-21-million-donor-advised-fund-is-at-the-center-of-a-potentially-groundbreaking/919410020843058/;
Kim Roberts, *Client Sues WaterStone, Claims He Was Blocked From Family Account*, MinistryWatch (Jan. 29, 2026), https://ministrywatch.com/client-sues-WaterStone-claims-he-was-blocked-from-family-account/.

[2] *See, e.g.,*  Annie Nova, *Lawsuit over $21 Million Donor-Advised Fund Highlights Risks of DAFs*, CNBC (Feb. 26, 2026, 9:30 AM EST), https://www.cnbc.com/2026/02/26/lawsuit-donor-advised-fund-risks.html (quoting Philip Peterson and respective legal counsel)
Debbie Kelley, *Lawsuit Filed against Christian-Focused Charitable Fund in Colorado Springs with Tebow Connection*, Colo. Springs Gazette (Jan. 28, 2026), https://gazette.com/2026/01/28/lawsuit-filed-against-christian-focused-charitable-fund-in-colorado-springs-with-tebow-connection/ (quoting Plaintiff's counsel and a telephone interview with Philip Peterson).

3

as a concession, rather than a reflection of WaterStone's efforts to comply with this Court's Uniform Civil Practice Standards.

6. Despite undersigned counsel's best efforts, the motion to dismiss cannot be reduced while still adequately addressing the bases for dismissal. WaterStone will be severely prejudiced if this motion is not granted, as that will force WaterStone to forego meritorious, dispositive arguments for dismissal.

Accordingly, WaterStone respectfully requests this 15-page increase in the page limitations, for a total of 30 pages.

DATED: March 3, 2026.

                                        TAFT STETTINIUS & HOLLISTER LLP

                                        *s/ Allison R. Burke*
Christian Hendrickson (#32225)
Allison Burke (#54916 )
Theodore J. O'Brien (#61623)
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
Email:   chendrickson@taftlaw.com
        aburke@taftlaw.com
        tobrien@taftlaw.com

*Attorneys for Defendant The Christian Community Foundation Inc. d/b/a WaterStone*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2026, a true and correct copy of the foregoing **THE CHRISTIAN COMMUNITY FOUNDATION, INC.'S UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS FOR ITS FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS** was filed and served with the Clerk of the Court using the CM/ECF with service on all counsel of record.

*s/Faith Brockman*
Faith Brockman, Legal Assistant

5