**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-CV-00179-GPG-MDB

PHILIP G. PETERSON, in his capacity as
Successor Advisor to the Peterson Family
Stewardship Fund,

     *Plaintiff,*

v.

CHRISTIAN COMMUNITY FOUNDATION, INC.
d/b/a WaterStone, a Colorado nonprofit corporation,

     *Defendant.*

---

**DEFENDANT'S MOTION FOR PARTIAL STAY OF
DISCOVERY PENDING MOTION TO DISMISS**

---

## **TABLE OF CONTENTS**

CERTIFICATE OF CONFERRAL ................................................................................. 1

MOTION ..................................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 1

LEGAL STANDARD .................................................................................................... 4

A.     The Burden on Defendant Substantially Outweighs Any Prejudice to Plaintiff. .... 4

B.     A Stay of Discovery Would Conserve the Parties' and the Court's Resources ..... 5

C.     The Interests of Nonparties Further Warrant a Stay. ........................................... 6

D.     A Stay Strongly Serves the Public Interest. ......................................................... 7

CONCLUSION ............................................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adams v. Wiley*,
 2009 WL 4730744 (D. Colo. Dec. 2, 2009) ................................................................. 4

*Elmore v. Artisan & Truckers Cas. Co.*,
 2020 WL 4571095 (D. Colo. Aug. 7, 2020) ................................................................. 6

*FirstTier Bank v. FDIC*,
 935 F. Supp. 2d 1109 (D. Colo. 2019) ....................................................................... 2

*Harris v. United States*,
 2010 WL 1687915 (D. Colo. Apr. 27, 2010) ............................................................... 6

*House v. Leone*,
 2018 WL 1633596 (D. Colo. Apr. 5, 2018) ................................................................. 4

*Lucero v. City of Aurora*,
 2023 WL 5957126 (D. Colo. Sept. 13, 2023) ........................................................ 4, 7

*Pinkert v. Schwab Charitable Fund*,
 48 F.4th 1051 (9th Cir. 2022) ..................................................................................... 3

*Pittman v. Kahn*,
 2023 WL 9958649 (D. Colo. Mar. 17, 2023) ............................................................. 7

*String Cheese Incident, LLC v. Stylus Shows, Inc.*,
 2006 WL 894955 (D. Colo. Mar. 30, 2006) ............................................................... 4

**State Cases**

*BRW, Inc. v. Dufficy & Sons, Inc.*,
 99 P.3d 66 (Colo. 2004) ............................................................................................. 2

**Federal Statutes**

26 U.S.C. § 4966(d)(2)(A) ................................................................................................ 1

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ......................................................................... 1, 4

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel certifies that he conferred in good faith with Plaintiff's counsel via telephone and email on May 4 and 12, 2026, respectively, and Plaintiff opposes this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 26(c), and for the reasons set forth in greater detail below, Defendant WaterStone respectfully moves for an order partially staying discovery until the Court rules on WaterStone's pending Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. No. 34 ("MTD"). Specifically, WaterStone requests that the Court preclude written discovery other than for account agreements and other account documents; discovery beyond account-level documents—such as for communications or other custodial electronically stored information ("ESI")—should be deferred until the Court concludes that Plaintiff has plausibly pled a breach of the contract at issue.

## FACTUAL BACKGROUND

On April 7, 2026, Plaintiff filed an Amended Complaint, Dkt. No. 32 ("Complaint"). In short, WaterStone is a sponsor of a Donor Advised Fund ("DAF") to which Plaintiff is the advisor. Under the Internal Revenue Code ("IRC"), a DAF is a charitable entity to which a donor can contribute funds and immediately recognize a charitable tax deduction. An advisor to the DAF can recommend that the sponsor take certain actions with regard to the funds in the DAF, but the advisor has no legal right to require any action. *See* 26 U.S.C. § 4966(d)(2)(A). Nevertheless, because WaterStone allegedly

1

did not follow Plaintiff's advice with regard to a DAF, he alleges in his Complaint five claims against WaterStone: breach of contract; breach of the implied covenant of good faith and fair dealing; negligent misrepresentation; violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101; and that Plaintiff is entitled to declaratory judgment. Dkt. No. 32.  On April 21, 2026, Defendant WaterStone moved to dismiss the Complaint in its entirety for failure to state a claim.  Dkt. No. 34.  On May 12, Plaintiff filed his opposition.  Dkt. No. 38.

Plaintiff alleges that an "Agreement" was signed with WaterStone when funds were donated to the DAF to which Plaintiff is the advisor.  As WaterStone explains in its motion to dismiss, interpretation of a contract is a matter of law to be decided by the court and thus a breach of contract claim can be decided on a motion to dismiss.  Dkt. No. 34; *see also FirstTier Bank v. FDIC*, 935 F. Supp. 2d 1109, 1126 n.25 (D. Colo. 2019) (holding that courts can "interpret a contract on a motion to dismiss, and courts routinely do so").

Plaintiff attached the "Agreement" to his Complaint, and alleges breaches based on failures to undertake acts that WaterStone was never obligated to undertake pursuant to the Agreement's plain language.  Additionally, Plaintiff's negligent misrepresentation claim fails under the economic loss doctrine, which precludes turning alleged breaches of contract into fraud claims.  *See BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72–74 (Colo. 2004) (negligence and negligent misrepresentation claims were barred by economic loss rule).  Indeed, the Ninth Circuit affirmed the dismissal of a similar action alleging purported breaches of non-existent contractual obligations by a

2

DAF sponsor.  *See Pinkert v. Schwab Charitable Fund*, 48 F.4th 1051, 1056 (9th Cir. 2022).

Following the filing of WaterStone's MTD, Plaintiff served informal discovery requests seeking, among other things, documents concerning agreements, policies, and financial information relating to the Peterson fund.  Plaintiff also proposed that any stay should not prevent him from pursuing full written discovery and taking five depositions through September 30, 2026.

While the MTD is pending, WaterStone is willing to produce readily accessible account-level documents.  But Plaintiff's stated intention to pursue depositions and broader discovery would likely necessitate collection and review of ESI, including custodial communications regarding fund governance, internal policies, and decision-making.  Such efforts would likely implicate third parties (such as board members), who may be required to provide documents or testimony.

This case turns on a threshold legal question: what legal obligations, if any, the Agreement imposes on WaterStone—a question of law that can be resolved on the pleadings.  Resolving these claims certainly does not require discovery beyond the Agreement and related account documents.  Further discovery efforts would impose significant burden and expense and are unlikely to yield information relevant to the MTD, and may ultimately prove unnecessary if the Court grants the MTD on the legal question of how the Agreement should be interpreted.  Accordingly, for the reasons set forth below, written discovery should be limited, prior to resolution of the motion to dismiss, to requests for account agreements and other account documents.

## LEGAL STANDARD

In deciding whether to stay discovery, courts in Colorado consider the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

District courts in Colorado have discretion to manage discovery in a way that promotes the "just, speedy, and inexpensive determination of every action and proceeding." *Adams v. Wiley*, 2009 WL 4730744, at *2 (D. Colo. Dec. 2, 2009). This includes a court's "discretion to manage its docket and to avoid an unnecessary burden to itself and defendant." *House v. Leone*, 2018 WL 1633596, at *4 (D. Colo. Apr. 5, 2018) (citing *Whatcott v. City of Provo*, 171 F. App'x. 733, 735 (10th Cir. 2006)).

### A.    The Burden on Defendant Substantially Outweighs Any Prejudice to Plaintiff.

Pursuant to Fed. R. Civ. P. 26(c), a court may stay discovery for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Lucero v. City of Aurora*, 2023 WL 5957126, at *2 (D. Colo. Sept. 13, 2023). Here, Plaintiff will suffer no meaningful prejudice from a temporary stay. As explained above, the MTD raises threshold legal issues that may dispose of the action in its entirety. A short delay will not impair Plaintiff's ability to pursue discovery if any claims remain. Moreover, Plaintiff is not at a standstill—WaterStone is willing to produce readily accessible, account-level documents, ensuring that Plaintiff retains

4

access to core information and can proceed expeditiously if the case continues.

By contrast, proceeding with full discovery now would impose a substantial and unnecessary burden on WaterStone. Any discovery beyond the Agreement and account documents is unnecessary at this stage and would require identifying custodians, collecting and processing large volumes of electronically stored information, conducting attorney review, and addressing privilege issues. That burden is unwarranted here. This is not a fact-intensive dispute. The central issue is whether the Agreement (or some other written account agreement) imposed obligations that it, by its plain terms, did not. The Agreement and associated account documents that WaterStone is willing promptly to produce are the only documents relevant to that inquiry. Discovery beyond the Agreement and related account documents cannot alter the meaning of the Agreement's plain language and therefore is unlikely to affect the Court's analysis of the pending motion.

Balancing these considerations, the minimal and temporary delay imposed on Plaintiff is far outweighed by the significant and potentially needless burden and expense that WaterStone would incur absent a stay. This factor therefore weighs strongly in favor of staying discovery.

**B.      A Stay of Discovery Would Conserve the Parties' and the Court's Resources.**

A stay would conserve both party and judicial resources. Where the pending MTD may resolve all claims, proceeding with discovery risks imposing substantial costs on the parties and the Court that could ultimately prove unnecessary.

Courts in this District routinely recognize that allowing discovery to proceed under such circumstances may result in wasteful litigation activity, such as disputes over the scope of document requests, search terms, and privilege issues, all of which would require the Court's attention. *See Harris v. United States*, 2010 WL 1687915, at *1–2 (D. Colo. Apr. 27, 2010) ("neither [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a disposition motion is pending." (citations omitted)).

Here, Plaintiff's anticipated written discovery, especially as it relates to fund governance, internal policies, and financial information, is likely to create discovery disputes requiring judicial intervention. These disputes would likely concern merits-based questions even though the pending MTD raises threshold legal questions about whether the Plaintiff has plausibly stated any claim at all. If the Court grants WaterStone's MTD, any resources expended resolving such disputes would have been entirely avoidable. Accordingly, staying discovery pending resolution of the MTD would avoid unnecessary expenditures and conserve the resources of both the parties and the Court, weighing in favor of a stay. *See Elmore v. Artisan & Truckers Cas. Co.*, 2020 WL 4571095, at *1 (D. Colo. Aug. 7, 2020) (staying discovery where a contract dispute could be resolved as a matter of law).

**C.      The Interests of Nonparties Further Warrant a Stay.**

Plaintiff's anticipated discovery also implicates nonparties, including corporate directors and other individuals not involved in the Peterson fund's governance and administration. Responding to such requests will likely require the collection of

6

information from those individuals and may lead to subpoenas for documents or testimony.  Imposing such obligations at this stage would subject nonparties to burdensome discovery processes, all before the Court has determined whether Plaintiff's claims can proceed at all.

Because the pending MTD may eliminate or significantly narrow the claims in this case, proceeding with full discovery now risks unnecessarily entangling nonparties in a dispute that may not proceed beyond the pleadings stage.  This factor therefore weighs in favor of a stay.

### D.    A Stay Strongly Serves the Public Interest.

Finally, the public interest favors a stay.  There is a strong public interest in ensuring that litigation proceeds in a manner that is efficient, cost-effective, and proportionate to the needs of the case.  *See Pittman v. Kahn*, 2023 WL 9958649, at *2 (D. Colo. Mar. 17, 2023).  Even the "probability that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the probability that both judicial and attorney resources will be conserved by clarifying and resolving" the disputed legal issues favors granting the stay.  *Lucero*, 2023 WL 5957126 at *10.

Accordingly, each *String Cheese* factor weighs in favor of a stay of discovery pending the Court's ruling on the Motion to Dismiss the First Amended Complaint. Under these circumstances, the most fair, economical, and efficient way to proceed in this case is to stay discovery until the Motion to Dismiss is resolved.

Importantly, WaterStone is not seeking to avoid discovery altogether.  It is willing to produce the core documents relevant to Plaintiff's claims—the Agreement and

associated account materials.  What WaterStone seeks to stay is only the expansive and costly discovery beyond those core documents that is unlikely to bear on the legal questions the Court must decide.

## **CONCLUSION**

For the foregoing reasons, Defendant WaterStone respectfully requests that the Court grant the Motion for Partial Stay of Discovery Pending Motion to Dismiss and permit written discovery only as to account agreements and other account documents while staying all other discovery pending resolution of the MTD.

DATED this 13th day of May, 2026

WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ Matthew T. Martens
**Matthew T. Martens**
matthew.martens@wilmerhale.com
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: 202.663.6000

/s/ Timothy Perla
**Timothy Perla**
timothy.perla@wilmerhale.com
60 State Street
Boston, MA 02109
Tel: 617.526.6696

/s/ Jack R. Hodge
**Jack R. Hodge**
jack.hodge@wilmerhale.com
1225 17th Street, Suite 2600
Denver, CO 80202
Tel: 720.598.3470

*Attorneys for Defendant CHRISTIAN COMMUNITY FOUNDATION, INC. d/b/a WaterStone*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2026, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT'S MOTION FOR PARTIAL STAY OF DISCOVERY PENDING MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Andrew Nussbaum**
**Edward A. Gleason**
**Robert J. Bucknam**
First & Fourteenth PLLC
2 N. Cascade., Suite 1430
Colorado Springs, CO 80903
Phone: (719) 428-3093
Email: andrew@first-fourteenth.com
ed@first-fourteenth.com
rob@first-fourteenth.com

*Attorneys for Plaintiff PHILIP PETERSON*

WILMER CUTLER PICKERING HALE
AND DORR LLP

/s/ Jack R. Hodge
**Jack R. Hodge**
jack.hodge@wilmerhale.com
1225 17th Street, Suite 2600
Denver, CO 80202
Tel: 720.598.3470

*Attorney for Defendant CHRISTIAN COMMUNITY FOUNDATION, INC. d/b/a WaterStone*

10