# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-CV-00179-GPG-MDB

PHILIP G. PETERSON, in his capacity as
Successor Advisor to the Peterson Family
Stewardship Fund,

     *Plaintiff,*

v.

CHRISTIAN COMMUNITY FOUNDATION, INC.
d/b/a WaterStone, a Colorado nonprofit corporation,

     *Defendant.*

---

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION FOR PARTIAL STAY OF DISCOVERY

---

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Elmore v. Artisan & Truckers Cas. Co.*,
   2020 WL 4571095 (D. Colo. Aug. 7, 2020) ........................................................... 2, 3

*FirstTier Bank v. FDIC*,
   935 F.Supp. 2d 1109 (D. Colo. 2019) ..................................................................... 3

*Harris v. United States*,
   2010 WL 1687915 (D. Colo. Apr. 27, 2010)............................................................. 3

*Lucero v. City of Aurora*,
   2023 WL 5957126 (D. Colo. Sept. 13, 2023) ........................................................... 3

*String Cheese Incident, LLC v. Stylus Shows, Inc.*,
   2006 WL 894955 (D. Colo. Mar. 30, 2006) .............................................................. 3

### STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 26(b)(1) ......................................................................................... 2, 3, 4

Fed. R. Civ. P. 26(a)(1)(A)(ii) ................................................................................... 2, 4

**INTRODUCTION**

Plaintiff's Opposition (ECF No. 43) does not meaningfully grapple with WaterStone's Motion for Partial Stay of Discovery (ECF No. 39, the "Motion"). WaterStone does not seek to halt all discovery.  Instead, it proposes a practical, targeted approach of promptly producing the core documents while deferring costly, expansive, and likely irrelevant discovery until after the Court resolves WaterStone's Motion to Dismiss (ECF No. 34).  *See* ECF No. 39 at 3; *see also* ECF No. 34.  The Court should adopt that approach and grant the Motion.

**ARGUMENT**

**I.     The Court Should Adopt WaterStone's Discovery Proposal**

The Opposition inaccurately posits that WaterStone seeks to "effectively freeze all meaningful discovery."  ECF No. 43 at 1.  That is not true.  As the Motion makes clear, WaterStone proposes a sequenced approach whereby it will: (i) produce the documents related to the DAF account at issue in this case, (ii) then allow the pending Motion to Dismiss to be resolved, and (iii) thereafter as needed proceed with more expensive tasks such as any electronic discovery and depositions.  This is not a freeze of discovery; it is a sequencing to front load what is relevant and avoid needless expense.

In particular, WaterStone's proposal ensures that Plaintiff promptly receives the very documents he claims are central to his case: documents pertaining to the account. *See* ECF No. 39 at 4–5; *see also* ECF No. 32 ¶¶ 63–69.  Those are the centrally relevant—and likely only relevant—documents in this case because, as the pending

1

Motion to Dismiss briefing makes clear, (ECF No. 34 at 1–2, 5), the parties' dispute turns on determining what contractual rights (if any) Plaintiff has.  WaterStone has explained that the contractual agreement consists solely of the "Agreement" portion of the Application that created the account, which Plaintiff already has in his possession.[1] *See* ECF No. 34 at 1.  Plaintiff, apparently recognizing that the Agreement does not confer the rights he now desires, raises the specter that there may be additional contractual documents.  *See* ECF No. 43 at 2.  That is not true (and Plaintiff's good faith basis for the allegation is unclear), but WaterStone's proposed scope of discovery will address the issue because the proposed production will clearly demonstrate what contractual documents do and do not exist.  With the contractual terms clear, the dispute can promptly be resolved based on them.

Proceeding with additional expensive discovery would be, especially at this juncture, disproportionate to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1) (discovery must be proportional to the needs of the case).  Indeed, in a case that turns on the terms of a contractual arrangement, it is unclear why ancillary materials such as electronic discovery or testimony are relevant, much less needed, at this early stage. Thus, the Court should adopt WaterStone's proposal concerning the sequence of discovery.  *See Elmore v. Artisan & Truckers Cas. Co.*, 2020 WL 4571095, at *1 (D.

---

[1] Plaintiff repeatedly asserts that WaterStone has failed to make its initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(ii).  *See* ECF No. 43 at 3.  This allegation is baseless. That rule requires only the description of relevant documents, and WaterStone's initial disclosures identify the 2005 Sponsorship Agreement between WaterStone and Gordon Peterson as a relevant document.  WaterStone did not produce this document to Plaintiff because it is attached to Plaintiff's original complaint.  *See* ECF No. 32, Ex. 1.

Colo. Aug. 7, 2020) (staying discovery where a contract dispute could be resolved as a matter of law); *see also FirstTier Bank v. FDIC*, 935 F.Supp. 2d 1109, 1126 n.25 (D. Colo. 2019) (holding that courts can "interpret a contract on a motion to dismiss, and courts routinely do so"); *Harris v. United States*, 2010 WL 1687915, at *1–2 (D. Colo. Apr. 27, 2010) ("neither [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending." (citations omitted)).  That approach is consistent with the *String Cheese* factors because WaterStone's proposal ensures Plaintiff receives the core account documents while deferring burdensome discovery until after threshold legal issues are resolved.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Finally, Plaintiff cannot alter the result by arguing that a stay of discovery would prejudice him by denying him immediate access to information about the Fund.  *See* ECF No. 43 at 4–5.  A temporary deferral of that discovery does not constitute prejudice.  *See Lucero v. City of Aurora*, 2023 WL 5957126, at *2 (D. Colo. Sept. 13, 2023).  This is particularly true where, as here, WaterStone's proposal will produce the account documents.  Further, to the extent Plaintiff's purpose is to use discovery not to litigate this very narrow case but rather as a broader vehicle to gather information having nothing to do with the terms of the contractual arrangement (*see* ECF No. 43 at 5), that is not a proper use of discovery.  *See* Fed. R. Civ. P. 26(b)(1) (discovery is

limited to material that is "relevant to any party's claim or defense").[2]

## CONCLUSION

The Court should grant WaterStone's Motion.

DATED this 4th day of June, 2026

WILMER CUTLER PICKERING HALE AND
DORR LLP

/s/ *Matthew T. Martens*
**Matthew T. Martens**
matthew.martens@wilmerhale.com
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: 202.663.6000

/s/ *Timothy Perla*
**Timothy Perla**
timothy.perla@wilmerhale.com
60 State Street
Boston, MA 02109
Tel: 617.526.6696

/s/ *Jack R. Hodge*
**Jack R. Hodge**
jack.hodge@wilmerhale.com
1225 17th Street, Suite 2600
Denver, CO 80202
Tel: 720.598.3470

*Attorneys for Defendant CHRISTIAN
COMMUNITY FOUNDATION, INC. d/b/a
WaterStone*

---

[2] Plaintiff complains that WaterStone did not produce documents with its initial disclosures. But Fed. R. Civ. P. 26(a)(1)(A)(ii) permits a party to disclose "a copy—or a description by category and location—of all documents" it may use to support its claims or defenses. WaterStone complied with the Rule by identifying relevant categories of documents in its initial disclosures. And WaterStone is now offering to produce account-related documents, even though it has yet even to receive requests for production. Thus, WaterStone has more than complied with its discovery obligations.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2026, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL STAY OF DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Andrew Nussbaum**
**Edward A. Gleason**
**Robert J. Bucknam**
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
Phone: (719) 428-3093
Email: andrew@first-fourteenth.com
ed@first-fourteenth.com
rob@first-fourteenth.com

*Attorneys for Plaintiff PHILIP PETERSON*

WILMER CUTLER PICKERING HALE
AND DORR LLP

/s/ *Jack R. Hodge*
**Jack R. Hodge**
jack.hodge@wilmerhale.com
1225 17th Street, Suite 2600
Denver, CO 80202
Tel: 720.598.3470

*Attorney for Defendant CHRISTIAN COMMUNITY FOUNDATION, INC. d/b/a WaterStone*

5