**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00179-GPG-MDB

PHILIP G. PETERSON, in his capacity as Successor Advisor to the Peterson Family Stewardship Fund,

     *Plaintiff*,

v.

CHRISTIAN COMMUNITY FOUNDATION, INC. d/b/a WaterStone, a Colorado nonprofit corporation,

     *Defendant*.

---

## [PROPOSED] PROTECTIVE ORDER

---

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the production, discovery, and dissemination of confidential information or sensitive data or records, IT IS ORDERED:

1.    To address certain types of confidential information and documents covered by this Protective Order, the Parties have agreed to designate certain information as "confidential" and limit disclosure accordingly. This Protective Order shall apply to all documents and electronically stored information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 45.

2.    As used in this Protective Order, the term "document and electronically stored information" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom which, after having been reviewed by one of the lawyers for the parties, is designated by that lawyer as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). The following shall constitute Confidential Information:

    a.    financial account numbers (to include bank account numbers, investment account numbers, donor-advised fund account numbers, and other account numbers);

    b.    government-issued identification numbers;

    c.    state identification;

    d.    dates of birth and other authentication data;

    e.    home addresses and personal contact information of donors and advisors;

    f.    login credentials, personal identification numbers (PINs), and access codes; and

    g.    Plaintiff proposal: information reflecting trade secrets.

        Defendant proposal: information containing non-public, confidential, privileged, proprietary, or commercially or personally sensitive information that requires the protections provided herein or other information designated in good faith by counsel as 'Confidential' pursuant to Fed. R. Civ. P. 26(c) and D.C.COLO.LCivR 7.2.

4.    To designate documents or other materials that should be subject to this Order because they contain Confidential Information, the designating party shall conspicuously place the word "CONFIDENTIAL" on the document, in the file name (for native documents), or in another manner that clearly identifies the Confidential Information and does not interfere with legibility.

5.    Confidential Information shall be used only for the purposes of this litigation and not for any other purpose. It shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a.    the Parties' attorneys;

b.    persons regularly employed or associated with the Parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

c.    the Parties, including designated representatives for the Plaintiff and Defendant.

d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

e.    the Court and its employees;

f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.    deponents and witnesses;

h.    any insurer to a party to this matter; and

i.    other persons by written agreement of the Parties.

6.    Prior to disclosing any Confidential Information to any person listed above (other than those listed in sections a, e, and f), counsel shall provide such person with a copy of this Protective Order.

7.    A party's counsel who discloses Confidential Information shall be

3

responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation and subject to all restrictions herein.

9.      Whenever a deposition involves the disclosure of Confidential Information, the related portions thereof may be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Deposition testimony and transcripts shall be treated as Confidential by the Parties until thirty (30) days after notice by the court reporter of the completion of the transcript.

10.      Any request to restrict public access to materials designated as Confidential pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

11.      Whenever a party inadvertently fails to designate any information as Confidential, that party may correct such failure by giving written notice to the other Parties. Upon such written notification, the corrected materials shall only be deemed

4

Confidential prospectively. Substitute copies of the corrected information shall be appropriately marked and given to the other Parties as soon as they become available. Within fourteen (14) days of receipt of the substitute copies, the Parties receiving the Confidential Information shall return the previously unmarked information or destroy it.

12.    Inadvertent failure to designate any document as Confidential will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

13.    A party may object to the designation of Confidential Information by giving written notice to the party that designated the disputed information. A party may object to the designation of information as Confidential at any time as long as this Protective Order remains in effect. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to comply with the applicable Magistrate Judge or District Judge practice standards regarding discovery disputes within fourteen (14) days after the conclusion of the initial fourteen (14) day period so that the Court may determine whether the disputed information should be subject to the terms of this Protective Order. If this procedure is timely followed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the issue. If the designating party fails to follow the discovery dispute procedures within the time described above, the disputed information shall lose its

designation as Confidential at the expiration of that twenty-eight (28) day period. In connection with any dispute under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

14.	If any party discloses information NOT designated as Confidential, and the non-disclosing party believes that the information should be designated as Confidential, the non-disclosing party may let the disclosing party know of the non-disclosing party's intention to designate the information as Confidential.  If any party objects to the proposed designation of the information as Confidential, the provisions of Paragraph 13 apply.

15.	The terms and conditions in this Protective Order survive the termination of this litigation. Within thirty (30) days following the complete conclusion of this matter, including any appeals, each party's counsel shall return to the producing party all Confidential Information provided subject to this Protective Order, destroy such Confidential Information, and provide written notification to opposing counsel confirming the destruction of all Confidential Information or store such Confidential Information in accordance with the firm's document retention policies.

16.	Every person who obtains Confidential Information is prohibited from using or disclosing said information for any purpose whatsoever, except as consistent with the terms of this Protective Order.

17.	Nothing in this Protective Order shall require the disclosure of information that is otherwise not subject to discovery, is privileged, or constitutes

attorney work product. Nothing in this Protective Order shall prejudice any objections that a party might have regarding the production of information. Nothing in this Protective Order shall be construed as an agreement that any Confidential Information shall be excluded from evidence.

18.    The Parties adopt no position as to the authenticity or admissibility of documents produced subject to this Protective Order, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

19.    Neither a party's designation of information as Confidential under this Protective Order, nor a party's failure to make or object to such designation, shall be admissible in evidence as a party admission or otherwise to prove any fact relevant to any claim or defense.

20.    Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

21.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this _____ day of _____ 2026

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge